## In re GUYTON.

(District Court, N. D. Alabama, S. D.   December 6, 1921.)

No. 344–J.

1. **Bankruptcy ⚍288(3)—Referee had jurisdiction in summary proceeding to divest title of trustee under deed of trust where bankrupt in possession.**

Where a bankrupt who had executed a deed of trust for the benefit of creditors, providing that the trustee might take possession upon nonpayment of a note, was in possession when the petition in bankruptcy was filed, and the trustee in bankruptcy took possession through tenants of the bankrupt, collected rents, and sold 'growing crops, the referee had jurisdiction in a summary proceeding to divest the title of the trustee under the deed of trust.

2. **Bankruptcy ⚍178(3)—Deed of trust granting extension of time and made subject to first mortgage to one creditor held void as evading Bankruptcy Law.**

Where a deed of trust for the benefit of the grantor's creditors other than a bank was accompanied by a note for the amount of the creditors' claims due over 10 months thereafter, and provided that it was in consideration of an extension of time, and that it was subject to a first mortgage given to the bank, thereby compelling creditors to grant an extension of time during which the mortgage to the bank would become immune from attack, it was void as given to evade the provisions of the Bankruptcy Law.

3. **Assignments for benefit of creditors ⚍34—Deed accompanied by note reciting extension of time, and subject to mortgage, held void.**

A deed of trust for the benefit of creditors other than a bank, accompanied by a note due in about 10 months, and providing that it was in consideration of an extension of time, and was made subject to a first mortgage given to the bank, was void as hindering and delaying creditors under the statutes of Alabama, and particularly under Code 1907, § 4294, declaring every such deed of trust fraudulent and void if creditors are required to do any act impairing existing rights before participating therein.

In Bankruptcy.   In the matter of J. I. Guyton, doing business under the firm name of Guyton & Co., bankrupt.   On review of an order of the referee granting the trustee's petition to divest title out of the trustee under a deed of trust for the benefit of creditors.   Petition for review denied, and order affirmed.

The deed of trust was executed January 8, 1921, more than four months before the filing of the petition in bankruptcy, and was accompanied by a promissory note due December 1, 1921, for the amount of the grantor's debts.   The deed recites the grantor's desire for an extension of time, and that it is made in consideration of the premises and of such extension, etc.   It excepted a bank from the creditors for whose benefit it was made, but provided that it was subject to a first mortgage given to the bank as part of the same transaction, thus, as pointed out by the referee, compelling creditors participating to grant an extension of time during which the mortgage to the bank would become immune from attack under the Bankruptcy Law.   It provided that, if the note was not paid, the trustee might then take possession of the property or any part thereof.

⚍For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Leader & Ullman, of Birmingham, Ala., for trustee.

Weatherly, Birch & Hickman, of Birmingham, Ala., and J. C. Milner, of Vernon, Ala., for intervening creditors.

GRUBB, District Judge. This review coming on to be heard was submitted for decree upon the petition of V. G. Lane, trustee, and others, to review an order of the referee, certificate of review thereunder dated October 28, 1921, by Hon. Emmet O'Neal, referee in bankruptcy, the referee having rendered a decree in said cause on the 24th day of October, 1921, granting the relief prayed for in the petition of the trustee as amended, wherein it was sought to divest title out of V. G. Lane, as trustee, for the benefit of certain creditors under a certain deed of trust executed by the above-named bankrupt and his wife on the 8th day of January, 1921, copy of which is attached to the petition of the trustee filed in the cause on the 19th of August, 1921, as well as for an order of sale of said property.

It appears from the record submitted upon the review that the respondents filed a plea to the jurisdiction of the court to proceed in a summary proceeding, and also filed certain objections and motions to quash and dismiss the petition, the grounds of which are fully set out in the record. The referee having held that the plea to the jurisdiction was not well taken, the respondents filed a petition for review, which was denied by the referee on the ground that the order holding the plea to the jurisdiction insufficient and not well taken was not reviewable at that stage of the proceedings. It appears that thereafter the trustee amended the petition, of which the respondents had notice, as well as of an order of the court setting petition down for final hearing, and the respondents were given five days in which to answer the allegations of said petition. On the 24th of October, 1921, that being the day set for hearing the petition of the trustee, the court proceeded to take the testimony in the absence of the respondents, they having failed to appear and having failed to answer. On the hearing before me it was agreed that the motions, exceptions, and demurrers to the trustee's petition, filed by the respondents, should be considered as having been refiled to the petition as amended, and that likewise the plea to the jurisdiction should be considered as having been refiled to the petition as amended.

[1] Upon consideration of the argument of counsel and the matters and things set forth in the record on review, and it appearing that at the time of filing the petition in bankruptcy the bankrupt was in possession of the property involved in this controversy, and that the trustee took possession thereof through the tenants of the bankrupt, and the trustee collected the rents and sold the growing crops, I am of the opinion that the referee had unquestioned jurisdiction to hear and determine the petition of the trustee in a summary proceeding, and therefore the plea to the jurisdiction was not well taken.

[2, 3] As to the questions of law presented by the motion to dismiss the petition, I am of the opinion that the petition as amended states a cause of action, and if the averments thereof are true, and

from the record in this case it appears from the uncontradicted testimony and the exhibits that they are true, then the deed of trust is in contravention of section 4294 of the Code of Alabama of the year 1907, wherein it is provided that:

"Every deed of trust, mortgage, or other security, made to secure any pre-existing debt, whether such debt is due or not, or absolute, or conditional, is fraudulent and void, as to the creditors of the grantor, when any creditor provided for thereby is required to make any release, or to do any other act impairing his existing rights, before participating in, or receiving the securities therein provided for him."

I am of the opinion that the record in this case discloses a transaction which was entered into for the purpose of evading the provisions of the bankruptcy law. I am also of the opinion that the effect of the transaction as disclosed by the record is undoubtedly to hinder and delay the creditors of the bankrupt, and therefore the same was void under the express mandate of the statutes of Alabama in force at the time the deed of trust was executed.

Decree: It is therefore ordered, adjudged, and decreed that the petition for review filed by V. G. Lane and others in this cause be, and the same is hereby, denied, overruled, and dismissed. It is further ordered, adjudged, and decreed that the decree of October 24, 1921, in this cause by Hon. Emmet O'Neal, referee, be, and the same is hereby, in all things affirmed.

It is further ordered that petitioners for review pay the costs of this review, to be taxed by the clerk, for which execution may issue.

It is further ordered that the respondents may supersede the execution of this decree by giving bond within five days of this date in the sum of $3,000, with the same terms and conditions as is provided in the bond heretofore executed by the petitioners for review to supersede the execution of the decree of the referee.